UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISABELLA HANKEY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 13-cv-11870-IT |
| | * |
| TOWN OF CONCORD-CARLISLE, | * |
| CONCORD-CARLISLE SCHOOL | * |
| DISTRICT, DIANA RIGBY, in her | * |
| official and individual capacities, PETER | * |
| BADALAMENT, in his official and | * |
| individual capacities, ALAN WEINSTEIN, | * |
| in his official and individual capacities, | * |
| | * |
| Defendants. | * |

ORDER

December 19, 2014

TALWANI, D.J.

Defendants' Emergency Motion to Strike Plaintiff's Response to Defendants' Concise Statement of Material Undisputed Facts and Plaintiff's Opposition and Attached Exhibits [#48] is ALLOWED IN PART and DENIED IN PART. The court hereby STRIKES Plaintiff's Response to Defendants' Concise Statement of Material Undisputed Facts in Support of Their Motion for Summary Judgment [#43], and STRIKES Plaintiff's Exhibit H [#42-8] attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment [#42], in order to allow the parties to comply with the protocol set forth in the parties' Confidentiality Agreement in regards to the personnel evaluation.

Defendants also request that the court strike Plaintiff's Response to Defendants' Concise Statement of Material Undisputed Facts in Support of Their Motion for Summary Judgment [#43] on other grounds, aside from references to the personnel evaluation. For instance,

Defendants contend that Plaintiff did not include proper citations to the record in several responses. The court denies Defendants' request to strike on this ground. Whether a fact is properly disputed under Federal Rule of Civil Procedure 56(c) is an issue for the court to consider when deciding the merits of Defendants' motion for summary judgment.

Moreover, Defendants' request to strike Plaintiff's Opposition to Defendant's Motion for Summary Judgment [#42] and the remaining exhibits, other than Exhibit H, is denied. Defendants have not demonstrated cause to strike these documents.

Finally, Plaintiff's Motion to Place Under Seal [#51] is DENIED WITHOUT PREJUDICE. Plaintiff has not met its burden of demonstrating that impoundment is warranted. Because the public has a presumptive right of access to judicial documents, "'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access." United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)). The party seeking impoundment must make "'a particular factual demonstration of potential harm, not . . . conclusory statements'" as to why a document should be sealed. Id. at 60 (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)). The parties' designation of documents as "confidential" pursuant to their Confidentiality Agreement is not, standing alone, a sufficient ground to support impoundment.

In light of the above, the court hereby orders as follows:

1. Plaintiff's Response to Defendants' Concise Statement of Material Undisputed Facts in Support of Their Motion for Summary Judgment [#43] and Plaintiff's Exhibit H [#42-8] are STRICKEN.

2. The party seeking to impound materials related to or contained in Exhibit H [#42-8]

shall file a motion by January 2, 2015. Any party opposing impoundment shall file a response by January 9, 2015.

3. In order to allow the resolution of any issues related to impoundment, the following documents shall be due by January 23, 2015: (1) Plaintiff's amended memorandum in opposition to Defendants' motion for summary judgment, (2) Plaintiff's amended response to Defendants' statement of material undisputed facts, and (3) Plaintiff's amended Exhibit H.

IT IS SO ORDERED.

December 19, 2014  /s/ Indira Talwani
United States District Judge